# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 15, 2012 Session

## STATE OF TENNESSEE v. CHARLES E. LOWE-KELLEY

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Maury County**
**No. 17948      Stella Hargrove, Judge**

---

### No. M2010-00500-SC-R11-CD - Filed August 28, 2012

---

A defendant was sentenced following his conviction on two counts of first degree murder and nine counts of attempted first degree murder.  Eighteen days later, his attorney filed a motion requesting a new trial and withdrew as counsel.  The motion contained no specific grounds for relief.  The trial court appointed replacement counsel.  Several months later, replacement counsel amended the motion for new trial to allege specific grounds for relief. The trial court denied the amended motion for new trial.  The Court of Criminal Appeals held that the original motion for new trial was a nullity because it contained no grounds for relief and that the trial court therefore did not have jurisdiction to permit the amendment of the motion for new trial.  The Court of Criminal Appeals therefore considered the defendant's specific grounds for relief as waived.  We hold that the original motion for new trial met the requirements of Tennessee Rule of Criminal Procedure 33 despite its failure to allege specific grounds for relief and that the trial court retained jurisdiction to permit the amendment of the motion.  The cause is remanded to the Court of Criminal Appeals to consider the defendant's appeal of the denial of his amended motion for new trial.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Court of Criminal Appeals Reversed; Case Remanded

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Mark K. Green (at trial) and Robert C. Richardson, Jr. (at motion for new trial and on appeal), Columbia, Tennessee, and Patrick Timothy McNally (on appeal), Nashville, Tennessee, for the appellant, Charles E. Lowe-Kelley

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Mark A. Fulks, Senior Counsel; and Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee

**OPINION**

I.  Facts and Procedural History

On April 13, 2008, Charles E. Lowe-Kelley ("Defendant") fired a gun at a vehicle with eleven passengers. Two passengers in the vehicle, Patricia Garcia and Juan Castro, died as a result of gunshot wounds. Defendant was charged with two counts of first degree premeditated murder and two counts of felony murder in the deaths of Ms. Garcia and Mr. Castro. Defendant was charged with nine counts of attempted first degree murder as to the other nine passengers in the vehicle.

A jury convicted Defendant of first degree premeditated murder of Mr. Castro, first degree murder committed in the perpetration of attempted first degree murder of Mr. Castro, first degree premeditated murder of Ms. Garcia, first degree murder committed in the perpetration of attempted first degree murder of Ms. Garcia, and nine counts of attempted first degree murder.

On May 11, 2009, the trial court held a sentencing hearing in which it merged the first degree murder and felony murder convictions for the murder of Ms. Garcia and merged the first degree murder and felony murder convictions for the murder of Mr. Castro. The trial court imposed two consecutive life sentences with the possibility of parole for the murder convictions. For the attempted murder convictions, the trial court imposed nine fifteen-year sentences to be served concurrently with each other and concurrently with the consecutive life sentences.

On Friday, May 29, 2009, eighteen days after the sentencing hearing, counsel for Defendant, Mark K. Green, filed a pleading entitled "Motion for New Trial." The motion stated in its entirety:

> Comes now the defendant by and through counsel of record and hereby files this Motion for New Trial in accordance with the [sic] Rule 33 of the Tennessee Rules of Criminal Procedure and accordingly seeks this Honorable Court to grant this motion and grant him a new trial. This motion is filed concurrently with a Motion to Withdraw filed by the undersigned counsel of record and done so to preserve defendant's rights to seek a new trial and preserve his rights on appeal. Accordingly, defendant asks this Honorable

Court to allow liberal time under the Rules of Criminal Procedure for the filing of amendments to this Motion for New Trial.

The motion contained no grounds for relief.

Although a motion to withdraw is referenced in the motion for new trial, the appellate record does not include a written motion to withdraw. On July 16, 2009, the trial court appointed Robert C. Richardson as new counsel for Defendant nunc pro tunc to Monday, June 1, 2009. Mr. Richardson filed a motion to amend the previously filed motion for new trial on January 20, 2010, more than eight months after the sentencing hearing.[1] The amended motion sets forth nine specific grounds for relief.

During the hearing on the motion for new trial, Mr. Richardson recounted the history of representation in the case and stated that Mr. Green had accepted employment with the District Attorney General's Office. As a result, Mr. Green was unable to further represent Defendant because of a conflict of interest. The State did not respond to this assertion and apparently concedes that a conflict of interest occurred.

The State voiced no objection to the trial court's consideration of the motion for new trial, as amended. After a hearing, the trial court denied the amended motion for new trial on March 1, 2010. Defendant filed a notice of appeal the same day.

On appeal, the Court of Criminal Appeals ruled sua sponte that the original motion for new trial filed by Mr. Green on May 29, 2009, was a "nullity" because it contained no grounds for relief. State v. Lowe-Kelley, No. M2010-00500-CCA-R3-CD, 2011 WL 497465, at *5 (Tenn. Crim. App. Feb. 14, 2011). As a result, the Court of Criminal Appeals considered all of Defendant's grounds for new trial as waived except for sufficiency of the evidence and sentencing. Lowe-Kelley, 2011 WL 497465, at *6-7.

The intermediate appellate court also held that Defendant's notice of appeal was untimely because it was not filed within thirty days of the entry of judgment. Lowe-Kelley, 2011 WL 497465, at *6. Nevertheless, the court waived the requirement of timely filing of a notice of appeal in the interest of justice. Lowe-Kelley, 2011 WL 497465, at *6; see Tenn. R. App. P. 4(a). Ultimately, the court held that the evidence was sufficient to convict Defendant and that the trial court did not abuse its discretion by imposing consecutive life sentences. Lowe-Kelley, 2011 WL 497465, at *8. We granted Defendant permission to appeal.

---

[1] Mr. Richardson stated during the hearing on the motion for new trial that he filed the amended motion as soon as he received the transcript of the trial.

## II. Analysis

We granted this appeal to determine whether a motion that requests a new trial and contains no specific grounds for relief satisfies the requirements of Tennessee Rule of Criminal Procedure 33(b).

Tennessee Rule of Criminal Procedure 33(b) provides:

> A motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered. The court shall liberally grant motions to amend the motion for new trial until the day of the hearing on the motion for new trial.

A defendant who fails to provide specific grounds for relief in a motion for new trial risks failing to preserve those grounds for appeal. See Tenn. R. App. P. 3(e) (providing for waiver of issues not specifically stated in a motion for new trial); State v. Hatcher, 310 S.W.3d 788, 808 (Tenn. 2010) (stating that a defendant waives those issues not raised in a motion for new trial and those issues are subject to plain error review); cf. Waters v. Coker, 229 S.W.3d 682, 689 (Tenn. 2007) ("In all civil cases tried to a jury, any ground not cited in the motion for new trial has been waived for the purposes of appeal."). Failure to state grounds for relief may result in waiver of those grounds.

We review issues involving interpretation of our rules of criminal procedure de novo. State v. Ferrante, 269 S.W.3d 908, 911 (Tenn. 2008). This Court previously has stated that a motion for new trial should set forth the factual grounds on which error is alleged, the legal grounds on which the trial court based its actions, and "'a concise statement asserting the legal reasons why the court's decision was improper.'" Hatcher, 310 S.W.3d at 802 (quoting Fahey v. Eldridge, 46 S.W.3d 138, 143 (Tenn. 2001)); see also Tenn. R. Crim. P. 47(c) ("A motion shall state: (1) with particularity the grounds on which it is made; and (2) the relief or order sought.").

Moreover, we have repeatedly held that a trial court loses jurisdiction if a motion for new trial is not filed within thirty days of the entry of judgment. Hatcher, 310 S.W.3d at 799-800 (collecting cases); see also Tenn. R. Crim. P. 45(b)(3) ("The court may not extend the time for taking any action under Rules of Criminal Procedure 29, 33 and 34, except to the extent and under the conditions stated in those rules."). A trial court cannot rule on the merits of a late-filed motion for new trial because the judgment has become final and the trial court no longer has jurisdiction over the case. State v. Bough, 152 S.W.3d 453, 460 (Tenn. 2004); see also Hatcher, 310 S.W.3d at 799-800.

-4-

We construe a party's pleadings according to the relief sought. Carter v. Bell, 279 S.W.3d 560, 563 (Tenn. 2009). The motion filed by Mr. Green on May 29, 2009, was timely filed within thirty days after the trial court entered its judgment, referenced a motion for new trial, and specifically requested relief in the form of a new trial. See Tenn. R. Crim. P. 33(b). We conclude that the pleading, which complied with the technical requirements of Rule 33, was a valid motion for new trial and conferred jurisdiction on the trial court to consider the motion to amend. Although attorneys are not advised to "make a regular practice of filing only a skeletal motion with the intention of bringing all of their substantive grounds in an amendment" to the motion for new trial, the Advisory Commission's comments anticipate the possibility that the circumstances of a case may require a "skeletal motion." See Tenn. R. Crim. P. 33, adv. comm. cmt.

Defendant's motion for new trial is distinguishable from cases in which Tennessee courts have found that motions that fail to request a new trial are not motions for new trial pursuant to Tennessee Rule of Criminal Procedure 33(b). See, e.g., State v. Blunkall, 731 S.W.2d 72, 74 (Tenn. Crim. App. 1987) (finding a motion requesting an extension of time to file a motion for new trial is not a motion for new trial); cf. Hatcher, 310 S.W.3d at 803 (finding that a motion requesting permission to file an amended motion for new trial, filed after entry of an order overruling the original motion for new trial, is not a valid motion for new trial). Defendant's timely motion unequivocally stated the purpose of the motion and the relief requested.

When a motion for new trial is timely filed, trial courts should liberally grant motions to amend the motion for new trial until the day of the hearing on the motion. Tenn. R. Crim. P. 33; Hatcher, 310 S.W.3d at 800. It is, however, within the discretion of the trial court to deny such amendments. See Hatcher, 310 S.W.3d at 801; Bough, 152 S.W.3d at 461; see also Tenn. R. Crim. P. 33, adv. comm. cmt. ("The trial judge retains the power to deny amendments . . . ."). In considering a motion to amend a skeletal motion for new trial, a trial court may consider whether the defendant had a valid reason for failing to include grounds for relief in the original motion for new trial.

A trial court abuses its discretion only when it applies an incorrect legal standard or reaches a decision that is against logic or reasoning and causes an injustice to the party complaining. State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999). After the timely filing of a motion for new trial by Mr. Green, and prior to a hearing on the motion, Mr. Richardson requested permission to amend the motion for new trial to include specific grounds for relief. The trial court granted the motion. The State does not dispute that Mr. Green was unable to continue representation due to a conflict of interest that existed at the time he filed the motion for new trial. The parties appear to agree that the basis for the conflict of interest was Mr. Green's acceptance of employment with the District Attorney General's office, which would

-5-

have opposed the motion for new trial and any specific grounds contained in the motion. Following the appointment of new counsel, it was well within the trial court's discretion to permit the amendment of the motion for new trial to include Defendant's specific grounds for relief.

## III.  Conclusion

We conclude that a defendant's timely motion requesting a new trial meets the requirements of Rule 33 of the Tennessee Rules of Criminal Procedure despite its failure to allege specific grounds for relief.  Moreover, it is within the discretion of the trial court to permit an amendment to the motion to allege specific grounds for relief, and the trial court did not abuse its discretion.  The judgment of the Court of Criminal Appeals is reversed, and we remand this case to the Court of Criminal Appeals to consider Charles E. Lowe-Kelley's appeal of the denial of his amended motion for new trial.  Costs of this appeal are taxed to the State of Tennessee.

_____
JANICE M. HOLDER, JUSTICE