# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 21, 2013

## STATE OF TENNESSEE v. RONNIE JOE STOKES

**Appeal from the Criminal Court for Cumberland County**
**No. 11-0031     David A. Patterson, Judge**

---

**No. E2012-02153-CCA-R3-CD - Filed October 7, 2013**

---

The defendant, Ronnie Joe Stokes, was convicted by a Cumberland County Criminal Court jury of robbery, a Class C felony, and sentenced to twelve years as a persistent offender in the Department of Correction. On appeal, he argues that the trial court erred in overruling his motion for new trial because a juror was exposed to extraneous prejudicial information. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

Matthew Edwards, Crossville, Tennessee, for the appellant, Ronnie Joe Stokes.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Randall A. York, District Attorney General; and Caroline E. Knight and Gary McKenzie, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In the light most favorable to the State, the proof at trial showed that the defendant robbed the eighty-two-year-old victim, Ruby Nealon, of her purse in the parking lot of the United Grocery Outlet in Crossville, Tennessee. The victim, as well as a delivery truck driver who witnessed the robbery, both positively identified the defendant as the robber.

With regard to the issue on appeal, the record shows that the parties selected a jury of thirteen to hear the case. Prior to swearing in the jury, the court excused the jurors from the

courtroom to address an evidentiary matter. At this point, the court stated, "Our jury is out, the door is closed," and it proceeded to hear the defendant's objection to the introduction of photographs depicting the injuries the victim sustained during the robbery.

The court overruled the objection, and the following occurred:

[The Court]: Are there other matters that the [S]tate needs to bring to the court's attention?

[The State]: Not at this time, Your Honor.

The Court: [Defense Counsel], were there other things that were motions that we believed we might need to hear before the jury comes in?

[Defense Counsel]: We covered all the motions on Monday I believe, Your Honor.

(Juror steps inside the courtroom and is asked to step back outside.)

The Court: And so for the record, we have had a juror step inside of the door at a time when there was no conversation actually happening in the courtroom. We had just finished discussing the motion having to do with the photographs.

And the court officer has been directed to keep the jury from the courtroom.

General, did you see anything that causes you any concern . . . regarding the juror [entering] the room?

[The State]: No, sir.

The Court: [Defense Counsel], did you see any need for concern?

[Defense Counsel]: I believe all that he heard was that we heard motions on Tuesday, there [were] no facts.

The Court: Very good, thank you, sir.

And so [were] there any other issues that we had to bring before the jury is brought back into the room?

[Defense Counsel]:  No, Your Honor.  I believe we're ready to go.

The Court:  All right.

The jury returned to the courtroom, and the court addressed the jurors as follows:

The Court:  As we had our break then, during our break at times the court is still conducting business out of your earshot and it's for the purpose of taking care of matters and making the case go along more smoothly when you're not in the room, quite frankly.  And it is important that you're outside of the room with certain matters that we take on the record.

      [Juror], you came back in, but I don't think we were doing much in here were we?

Juror:  Heck no and I've been sitting.

The Court:  Sort of just sitting and sort of puffed up in here like a turkey.

Juror:  I wouldn't have heard you if you was.

The Court:  Okay, sir.

      And so I wanted to make sure for the record.  And the court officers will help you as you go out and come back in so that, so that you're coming in and going out as you need to.

The court questioned the jurors to make sure that none had conversations amongst themselves or conducted any independent investigation, and then it swore the jury in.  After the final instructions but prior to jury deliberations, the juror who had entered the courtroom during the above exchange was dismissed as the alternate juror.

## ANALYSIS

The defendant argues that the trial court erred in overruling his motion for new trial because a juror was exposed to extraneous prejudicial information.  The State responds that the defendant has waived this issue or, in the alternative, failed to make a threshold showing that the juror, who was excused as the alternate, was exposed to extraneous prejudicial information.  We agree with the State.

The record clearly shows that the defendant failed to object when the juror briefly entered the courtroom and, in fact, that defense counsel seemed comfortable that the juror did not hear anything of importance. Appellate relief is not required for a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a); see State v. Stephenson, 195 S.W.3d 574, 606 (Tenn. 2006).

In addition, the defendant did not raise the juror misconduct issue in his motion for new trial or written amendment to his motion for new trial. Tennessee Rule of Appellate Procedure 3(e) provides that in "all cases tried by a jury, no issue presented for review shall be predicated upon . . . misconduct of jurors, . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." See also State v. Lowe-Kelley, 380 S.W.3d 30, 33 (Tenn. 2012) (noting that "[a] defendant who fails to provide specific grounds for relief in a motion for new trial risks failing to preserve those grounds for appeal").

Although the defendant raised the issue orally at the motion for new trial hearing, it was not reduced to writing as required by Tennessee Rule of Criminal Procedure 33(b), which provides that "[a] motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b); see also State v. Bobby A. Raymer, No. M2011-00995-CCA-R3-CD, 2012 WL 4841544, at *4 (Tenn. Crim. App. Oct. 10, 2012); State v. Ronald Lee Stewart, No. M2008-00337-CCA-R3-CD, 2010 WL 2025407, at *4 (Tenn. Crim. App. May 21, 2010); State v. Mark C. Noles, No. M2006-01534-CCA-R3-CD, 2007 WL 3274422, at *11 (Tenn. Crim. App. Nov. 6, 2007), perm. app. denied (Tenn. Apr. 7, 2008); State v. Ronnie Watson, No. W2001-03084-CCA-R3-CD, 2002 WL 31258011, at *1-2 (Tenn. Crim. App. Sept. 16, 2002).

Thus, the defendant has waived review of this issue, absent plain error. In order for us to find plain error: (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is "'necessary to do substantial justice.'" State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). The presence of all five factors must be established by the record before we will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one factor cannot be established. Id. at 283.

We conclude that there is no plain error in this case because no clear and unequivocal

rule of law was breached, no substantial right of the accused was adversely affected, and consideration of the error is not necessary to do substantial justice. As outlined by the trial court in the colloquy above, "there was no conversation actually happening in the courtroom" when the juror entered. Defense counsel noted that all the juror "heard was that we heard motions on Tuesday, there [were] no facts." The juror himself informed the trial court that he did not hear anything when he entered the courtroom. In addition, the defendant offered no proof at the motion for new trial hearing that the juror in question, or any other juror, was exposed to prejudicial information. Furthermore, the juror in question was chosen as the alternate and did not participate in jury deliberations. The defendant has waived this issue and, waiver notwithstanding, is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE