# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 9, 2014

## STATE OF TENNESSEE v. JAMES TREMELLE HUNT

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3420      J. Randall Wyatt, Judge**

---

**No. M2013-01649-CCA-R3-CD - Filed November 26, 2014**

---

In this delayed direct appeal, the defendant, James Tremelle Hunt, challenges the sufficiency of the evidence to support his 2011 Davidson County Criminal Court jury convictions of one count of aggravated rape, one count of aggravated robbery, one count of attempted aggravated robbery, two counts of especially aggravated kidnapping, and two counts of aggravated assault. Because the defendant failed to file a timely petition for post-conviction relief, the trial court lacked jurisdiction to grant the delayed appeal in this case. As a result, the appeal must be dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Chelsea Nicholson, Nashville, Tennessee, for the appellant, James Tremelle Hunt.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 17, 2010, a Davidson County Criminal Court jury convicted the defendant of aggravated rape, aggravated robbery, attempted aggravated robbery, two counts of especially aggravated kidnapping, and two counts of aggravated assault. Via judgments entered on January 21, 2011, the trial court imposed a sentence of 25 years for the defendant's conviction of aggravated rape, 10 years for the conviction of aggravated robbery, five years for the conviction of attempted aggravated robbery, 20 years for each conviction

of especially aggravated kidnapping, and five years for each conviction of aggravated assault. The court ordered that the sentences for the convictions of aggravated rape and aggravated robbery, as well as one of the convictions of especially aggravated kidnapping and one of the convictions of aggravated assault, be served consecutively and that the sentences for the remaining convictions be served concurrently. The effective sentence, was, therefore, 60 years, 45 years of which was to be served at 100 percent by operation of law. *See* T.C.A. § 40-35-501(i)(1)(C)(F). On February 2, 2011, the defendant filed a motion for new trial.[1] The defendant filed an amended motion for new trial on March 14, 2011, challenging only the sufficiency of the convicting evidence. The trial court denied the motion for new trial by order entered on April 25, 2011.

No further action occurred in this case until April 17, 2012, when the defendant moved this court to waive the timely filing of his notice of appeal. We denied the defendant's motion based upon his counsel's failure to "offer any . . . explanation for his failure to contact this Court until this late of a date," to "provide this Court with sufficient information about the case for an adequate determination of whether waiver is appropriate," to "state whether the [defendant] is in custody," or to "summarize the nature of the issues he wishes this Court to consider on appeal." *State v. James Tremelle Hunt*, No. M2012-00765-CCA-MR3-CD (Tenn. Crim. App., Nashville, May 10, 2012) (Order). Nevertheless, we advised the defendant that he might "still be able to seek relief through the Post-Conviction Procedure Act." *Id.* (citing T.C.A. § 40-30-113).

On February 22, 2013, the defendant filed a pleading styled "Motion to Appoint Counsel and Accept Delayed Filed Notice of Appeal." The trial court granted the defendant's request for appointment of counsel on March 11, 2013. The defendant's appointed counsel then filed on April 10, 2013 a "Motion to Grant Delayed Appeal and Stay Post-Conviction Proceedings." In that motion, the defendant asked the court to grant him a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113 and to "stay post-conviction proceedings pursuant to Rule 28 of the Tennessee Rules of Post-Conviction Procedure." The trial court took the motion under advisement following a June 6, 2013 hearing and granted the request on July 3, 2013. The defendant then filed a notice of appeal in this court on July 7, 2013.

---

[1] This motion did not allege any specific grounds for relief, a practice frowned upon but allowed by our supreme court. *See State v. Lowe-Kelley*, 380 S.W.3d 30, 34 (Tenn. 2012) ("Although attorneys are not advised to 'make a regular practice of filing only a skeletal motion with the intention of bringing all of their substantive grounds in an amendment' to the motion for new trial, the Advisory Commission's comments anticipate the possibility that the circumstances of a case may require a 'skeletal motion.'" (citation omitted)).

The State contends that the trial court was without jurisdiction to grant the delayed appeal in this case because the defendant did not file a timely petition for post-conviction relief, which the State claims is a prerequisite to the grant of a delayed appeal. The defendant claims that this court has jurisdiction to hear the delayed appeal because he moved for delayed appeal within one year of this court's denial of his motion to accept his late-filed notice of appeal. In the alternative, he argues that we have jurisdiction because his claim was "based upon a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial." This heretofore non-existent constitutional right, according to the defendant, is "the right to effective assistance of counsel."

Code section 40-30-113, concerning the grant of a delayed appeal, provides:

(a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review, the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

(b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order of the appellate court determining the appeal.

(c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the

relief provided in this section.

T.C.A. § 40-30-113. In our view, the reference to "a hearing under this part" clearly refers to a proceeding brought under Part 1 of Chapter 30, which is generally known as the Post-Conviction Procedure Act ("the Act"). *See id.* § 40-30-101. "A post-conviction proceeding is commenced by filing, with the clerk of the court in which the conviction occurred, a written petition naming the state as the respondent," which petition should include all grounds for post-conviction relief, supported by specific "allegations of fact" and verified under oath. *See id.* § 40-30-104; *see also Holton v. State*, 201 S.W.3d 626, 630 (Tenn. 2006). Additionally, the petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a). Under the terms of the Act, a hearing will only be held if the post-conviction court cannot determine conclusively after "reviewing the petition, the response, files, and records . . . that the petitioner is entitled to no relief." *Id.* § 40-30-109(a). Thus, section 40-30-113 clearly contemplates that any grant of a delayed appeal will commence by the filing of a timely petition for post-conviction relief. *See Handley v. State*, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994) ("[T]he statute of limitations for post-conviction relief applies to delayed appeals as well, because the petitioner must comply with the post-conviction procedure act to obtain a delayed appeal.").

In this case, the defendant moved the trial court for a delayed appeal, attempting to invoke Code section 40-30-113, but he did not file a proper petition for post-conviction relief that complied with the requirements of Code section 40-30-104. The defendant's motion did not include all of his claims for post-conviction relief supported by specific allegations of fact, and the motion was not verified by the defendant under oath. That being said, these statutory lapses would not necessarily result in the dismissal of the motion. *See generally Jerome Lionel Price v. State*, No. M2010-01633-CCA-R3-PC (Tenn. Crim. App., Nashville, July 7, 2011) (observing that "the failure to verify the petition under oath does not always warrant a summary dismissal"); *Jerry Timberlake v. State*, No. W2008-00037-CCA-R3-PC (Tenn. Crim. App., Jackson, Feb. 9, 2009) (reversing summary dismissal of post-conviction petition for failure of the pro se petitioner to verify the petition under oath); *Clifton Harrison v. State*, No. E2009-00222-CCA-R3-PC (Tenn. Crim. App., Knoxville, Feb. 5, 2009) (noting that post-conviction court gave pro se petitioner 15 days to comply with the statutory requirements and to verify the allegations of fact under oath). The defendant's failure to timely file his motion, qua petition, however, should have resulted in its dismissal.

Code section 40-30-102 requires that a post-conviction action be commenced "within one (1) year of the date of the final action of the highest state appellate court to

which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." *Id.* § 40-30-106(b). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

The trial court denied the defendant's motion for new trial by order entered on April 25, 2011. The defendant then had 30 days' time to initiate an appeal in this court, *see* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ."), "by timely filing a notice of appeal with the clerk of the trial court as provided in Rule 4," Tenn. R. App. Crim. P. 3(e). Following the denial of his motion for new trial, the defendant took no action in this case until April 17, 2012, when he moved this court to accept a late-filed notice of appeal in this case. Because this court denied the motion, no notice of appeal was filed, and in consequence, no appeal was initiated in this court. Moreover, this court's May 10, 2012 denial of the defendant's motion cannot qualify as "the final action of the highest state appellate court to which an appeal is taken." *See Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001) ("We emphasize that under no circumstance are we allowing a petitioner to file an *untimely* application for permission to appeal with the belief that the one-year post-conviction statute would commence upon [the] dismissal of that untimely application. As the dissent aptly states, 'filing an untimely application for permission to appeal to this Court does not constitute an appeal . . . and therefore does not delay commencement of the one-year post-conviction statute of limitations.'"). Accordingly, the defendant's judgment became final on May 25, 2011, 30 days after its entry, and the defendant had until May 25, 2012, to commence an action under the Act. Importantly, the defendant testified at the June 6, 2013 motion hearing that he was aware that this court denied his request to late file a notice of appeal and that no appeal had been filed as of May 10, 2012.

Instead of immediately commencing a post-conviction action, the defendant waited some nine months and then filed a pleading styled "Motion to Appoint Counsel and

Accept Late Filed Notice of Appeal." No pleading that could arguably be construed as a petition for post-conviction relief was filed until April 10, 2013, almost two years after the judgment became final in this case. That pleading did not comply with the statutory requirements for post-conviction petitions and, most importantly, did not include specific factual allegations to establish either timely filing or due process tolling of the statute of limitations. The defendant contends, for the first time on appeal, that tolling was required in this case because his claim was "based upon a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial." The defendant's failure to present this claim in the trial court bars our consideration of the claim on appeal. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived.").[2]

Because the defendant failed to either timely file a petition for post-conviction relief or demonstrate that tolling of the limitations period was required, the trial court was without jurisdiction to grant the delayed appeal in this case. *See State v. Christopher Jake Reynolds*, No. M2010-00607-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, May 23, 2011), *perm. app. denied* (Tenn. Aug. 24, 2011) ("A delayed appeal may only be granted through a post-conviction proceeding."). Similarly, the defendant's failure to timely file a petition for post-conviction relief deprives this court of jurisdiction to hear this appeal. Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[2]We also note the lack of merit to this claim. The claim presented was that the defendant's counsel deprived him of the right to first tier direct appeal, a long recognized ground for post-conviction relief.