IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2024

**STATE OF TENNESSEE v. JOSHUA JAMES SMITH**

**Appeal from the Criminal Court for Hamblen County**
**No. 20-CR-336      John F. Dugger, Jr., Judge**

_____

**No. E2023-01416-CCA-R3-CD**

_____

A Hamblen County jury convicted the Defendant, Joshua James Smith, of second degree murder. The trial court sentenced the Defendant to serve twenty-three years in the Tennessee Department of Correction. On appeal, the Defendant challenges his conviction and sentence, but the State argues that this appeal should be dismissed because his notice of appeal was untimely. Upon our review, we agree that the Defendant's notice of appeal was untimely and that the "interest of justice" does not require us to waive the timely filing requirement. We respectfully dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Appeal Dismissed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which MATTHEW J. WILSON, J., joined. TIMOTHY L. EASTER, J., filed a separate opinion concurring in results only.

Randall F. Crossing, Jefferson City, Tennessee, for the appellant, Joshua James Smith.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Dan Armstrong, District Attorney General; and Dustin Click, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

The Defendant and Melissa Scott had been in an on-again, off-again relationship for approximately thirteen years. On June 19, 2020, the two were invited by Mike Roach to live with him in his mobile home.

The next day, and while under the influence of alcohol, the Defendant got into an argument with Ms. Scott. The argument escalated, and the Defendant hit Ms. Scott in the eye and grabbed her throat. Mr. Roach attempted to intervene, but the Defendant shoved him, and Ms. Scott was able to escape during the distraction.

Ms. Scott ran to a neighbor's house, and the neighbor called 911. During the call, the neighbor said she saw someone chasing another person around the mobile home with a baseball bat. Ms. Scott hid behind the neighbor's car and saw the Defendant chasing Mr. Roach while holding a baseball bat over his head. She then saw the Defendant hit Mr. Roach in the back, which caused him to fall to the ground, and the Defendant kept hitting him with the baseball bat. Another neighbor and his mother witnessed the Defendant assaulting the victim.

Mr. Roach died four days later. The autopsy showed that he had been struck at least four times in the head, causing him to suffer significant blunt force trauma, brain swelling, and multiple skull fractures. Mr. Roach also sustained a broken arm, severe bruising on both arms, and an apparent strike across the back.

The Defendant gave several conflicting statements to police. He admitted to having an altercation with Mr. Roach that night and hitting him with a bat. However, the Defendant, who also had bruising and cuts to his head, claimed that he was defending himself against Mr. Roach. Officers searched the mobile home and found evidence of an altercation in a bedroom. They photographed the evidence, but the photographs were not properly preserved and were lost by the time of trial. The baseball bat was recovered, and later testing confirmed that the blood on it was Mr. Roach's and not the Defendant's.

On January 29, 2021, a Hamblen County grand jury charged the Defendant with first degree murder.[1] Following a trial, a jury convicted the Defendant of the lesser-included offense of second degree murder. On July 5, 2023, the trial court sentenced the Defendant to serve twenty-three years in the Tennessee Department of Correction, and the judgment was filed that same day.

Seventy days later, on September 13, 2023, the Defendant filed an untimely motion for a new trial. The trial court recognized that the motion was untimely, but it permitted

---

[1] The grand jury also charged the Defendant with aggravated burglary and domestic assault. The State dismissed the aggravated burglary charge before trial, and the jury acquitted the Defendant of the domestic assault charge. These charges are not at issue in this appeal.

2

the Defendant to be heard and denied his motion on September 29, 2023.  The Defendant filed a notice of appeal six days later.

## ANALYSIS

In this appeal, the Defendant challenges both his conviction and sentence.  However, as a threshold matter, we must address the timeliness of the Defendant's appeal of the original sentences.  *See* Tenn. R. App. P. 13(b).  "It is no secret that under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed 'within 30 days after the date of entry of the judgment appealed from.'"  *State v. James*, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022), *no perm. app. filed*.  However, this time may be extended if the defendant files a timely, written motion for a new trial.  Tenn. R. App. P. 4(c).  In that circumstance, "the time for appeal for all parties shall run from entry of the order denying a new trial."  *Id.*; *State v. Byington*, 284 S.W.3d 220, 225 (Tenn. 2009).

### A.   Consequence of an Untimely Motion for a New Trial

Importantly, a party may obtain this additional time to file a notice of appeal *only if* the motion for a new trial is timely.  The law has long recognized that "[a]n untimely filed motion for new trial is a nullity and will not toll the thirty-day time period for filing a notice of appeal."  *State v. Bumpas*, No. M2017-00746-CCA-R3-CD, 2018 WL 817289, at *5 (Tenn. Crim. App. Feb. 12, 2018), *perm. app. denied* (Tenn. Apr. 16, 2020).  Thus, "it is a legal truism that an untimely motion for new trial also will result in an untimely notice of appeal."  *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *2 (Tenn. Crim. App. Nov. 9, 2023) (citation and internal quotation marks omitted), *perm. app. denied* (Tenn. May 16, 2024).

In this case, the judgments were entered on July 5, 2023, when they were filed with the court clerk.  As such, the Defendant had thirty days, or until August 4, 2023, to file a notice of appeal or a motion for a new trial.  *See* Tenn. R. Crim. P. 33(b); *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007) (holding that the filing of the uniform judgment document constitutes the entry of the "order of sentence" for purposes of Rule 33), *abrogated on other grounds as stated in State v. Beaty*, No. M2014-00130-CCA-R3-CD, 2016 WL 3752968, at *20 (Tenn. Crim. App. July 8, 2016).

However, the Defendant's motion for a new trial was not filed until September 13, 2023, or forty days after the deadline.  It is important to note that although the trial court

3

considered the untimely motion on its merits, its consideration did not validate the motion or extend the time to file a notice of appeal. *State v. Lowe-Kelley*, 380 S.W.3d 30, 34 (Tenn. 2012); *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989) ("The fact that a trial judge erroneously considers and rules upon a motion that has not been timely filed does not validate the motion[.]"). As such, despite the trial court's consideration, the Defendant's untimely motion for a new trial remained a nullity.

## B.  POSSIBLE WAIVER OF THE UNTIMELY NOTICE OF APPEAL

Because the Defendant's motion for a new trial was a nullity, the last day for the Defendant to file a timely notice of appeal was August 4, 2023. His October 5, 2023 notice of appeal, therefore, was untimely by sixty-two days. We have recognized that "[a]n untimely notice of appeal can, and often does, result in a dismissal of the appeal." *Manning*, 2023 WL 7439203, at *3. However, the Rules of Appellate Procedure also provide that the requirement of a timely filed notice of appeal "may be waived in the interest of justice." Tenn. R. App. P. 4(a).

When considering whether to waive an untimely notice of appeal, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). The appealing party "bears the responsibility to properly perfect his [or her] appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a).

We consider these factors in turn.

### 1.  Nature of the Issues Raised

The first *Rockwell* factor looks to the nature of the issues raised in the appeal to determine whether a waiver is in the interest of justice. *Rockwell*, 280 S.W.3d at 214. Although it is never required, this factor sometimes considers a preliminary review of the merits of the issues presented. *State v. Murray*, No. M2020-00168-CCA-R3-CD, 2021 WL 2156932, at *3 (Tenn. Crim. App. May 27, 2021), *no perm. app. filed*. After all, if an issue has merit, it may be "in the interest of justice that the notice of appeal requirement be waived." *State v. Dodson*, 780 S.W.2d 778, 781 (Tenn. Crim. App. 1989). On the other hand, it is rarely in "'the interest of justice' to consider frivolous issues or issues which are

clearly without merit." *Gilliam v. State*, No. 03C01-9411-CR00406, 1995 WL 238623, at *4 (Tenn. Crim. App. Apr. 25, 1995).

In this case, the Defendant raises four issues: (1) whether the evidence is legally sufficient to support his convictions; (2) whether the trial court violated his due process rights by failing to dismiss the case after the State lost or destroyed evidence; (3) whether the trial court violated his due process rights by not adhering to a stipulation on the admissibility of evidence; and (4) whether the trial court's sentence failed to consider mitigating factors but applied improper enhancement factors.

Although we choose to examine each issue briefly, we conclude that each issue is substantially without merit. The Defendant's issues are considered under highly deferential standards of appellate review or involve discretionary decisions by the trial court that are reviewed for plain error.[2] As such, no issue weighs in favor of waiving the untimely notice of appeal.

### a.      Legal Sufficiency of the Evidence

The Defendant first argues that the evidence is legally insufficient to support his conviction because the State failed to prove that he knowingly killed Mr. Roach. On a preliminary review, we conclude that this issue does not weigh in favor of waiving the requirement of a timely filed notice of appeal.

"The standard for appellate review of a claim challenging the sufficiency of the State's evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Miller*, 638 S.W.3d 136, 157 (Tenn. 2021) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard of review is "highly deferential" in favor of the jury's verdict. *See State v. Lyons*, 669 S.W.3d 775, 791 (Tenn. 2023). Indeed, "[w]hen making that determination, the prosecution is afforded the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences which may be drawn therefrom." *State v. Thomas*, 687 S.W.3d 223, 249 (Tenn. 2024)

---

[2]      Because the Defendant failed to file a timely written motion for a new trial, he has waived plenary review of his second and third issues. *See State v. Funk*, No. E2022-01367-CCA-R3-CD, 2023 WL 7130289, at *2 (Tenn. Crim. App. Oct. 30, 2023) ("Except for issues related to the sufficiency of the convicting evidence and sentencing, the failure to file a motion for a new trial waives plenary review of all issues on appeal that could have resulted in a new trial. In that circumstance, a defendant may obtain relief, if at all, under the standards governing plain error review." (citations omitted)), *no perm. app. filed*.

(citation and internal quotation marks omitted). To that end, "[w]e do not reweigh the evidence, because questions regarding witness credibility, the weight to be given the evidence, and factual issues raised by the evidence are resolved by the jury, as the trier of fact." *State v. Shackleford*, 673 S.W.3d 243, 250 (Tenn. 2023) (citations omitted).

The Defendant argues that he could not have "knowingly" killed Mr. Roach because he suffered head injuries and was not capable of a "knowing killing." He also asserts that the victim provoked his actions. Construing the evidence in the light most favorable to the State, a rational juror could easily conclude that the Defendant was not too impaired to be aware that his repeated hitting of Mr. Roach in the head with a baseball bat was reasonably certain to cause the victim's death. *See* Tenn. Code Ann. § 39-11-302(b). A rational juror also could reject the claim of self-defense, which was charged to the jury, given the testimony of Ms. Scott and others that they saw Defendant chase the victim, use deadly force to strike him to the ground, and continue to hit him in the head repeatedly. *See State v. Porter*, No. M2019-01377-CCA-R3-CD, 2020 WL 5914625, at *5 (Tenn. Crim. App. Oct. 6, 2020) (holding that jury could find unreasonable force was used when proof "did not demonstrate that [d]efendant was in danger of death or serious bodily injury" when he drug victim out of a truck and "kicked her in the face multiple times while she was on the ground."), *perm. app. denied* (Tenn. Mar. 17, 2021).

The Defendant's arguments ask us to reweigh the evidence and to disturb the jury's determinations on appeal. We respectfully decline the invitation. *See State v. Brakefield*, No. W2023-00766-CCA-R3-CD, 2024 WL 1739263, at *3 (Tenn. Crim. App. Apr. 23, 2024), *no perm. app. filed*. In our preliminary review, we conclude that the nature of this issue does not weigh in favor of waiving the untimely notice of appeal.

### b. *Ferguson* Motion

The Defendant next argues that his right to a fair trial was violated when the State failed to preserve photographs of the crime scene. He also asserts that he suffered prejudice when the State admitted other photographs, but he was denied the opportunity to do the same because potentially exculpatory photographs were lost before trial. Conducting a preliminary review of this discretionary issue for plain error, we conclude that it does not weigh in favor of waiving the requirement of a timely filed notice of appeal.

In *State v. Ferguson*, 2 S.W.3d 912, 917 (Tenn. 1999), our supreme court recognized that the loss or destruction of potentially exculpatory evidence may violate a defendant's right to a fair trial when a trial without the lost evidence "would be fundamentally fair." *See also State v. Merriman*, 410 S.W.3d 779, 785 (Tenn. 2013). When a trial court

6

concludes that a trial would be fundamentally unfair without the missing evidence, the court may "impose an appropriate remedy to protect the defendant's right to a fair trial, including, but not limited to, dismissing the charges or providing a jury instruction." *Merriman*, 410 S.W.3d at 785-86. We review the trial court's choice of a remedy for an abuse of discretion. *See Merriman*, 410 S.W.3d at 792; *State v. Crass*, 660 S.W.3d 506, 514 (Tenn. Crim. App. 2022).

In this case, the trial court found that the State negligently breached a duty to preserve the crime scene photographs, and it instructed the jury that it "may infer that the absent evidence would be favorable to the defendant." In exercising its discretion, the court recognized the correct legal standards and considered and weighed the appropriate factors in the context of the relevant facts. It noted that an officer's body camera evidence and medical testimony could show what the missing photographs would have captured. The court also made a reasoned choice between acceptable remedies given the other evidence of guilt in the case, including the testimony of several eyewitnesses. Although the Defendant argues that dismissal was a more appropriate remedy, this is not a case in which the State's conduct was egregious or the evidentiary value of the photographs was more significant. *Merriman*, 410 S.W.3d at 796.

The Defendant's mere disagreement with the trial court's weighing of the relevant considerations does not show an abuse of discretion. Nor does it satisfy his burden to show the plain error factors, including that a clear and unequivocal rule of law was breached or that any error adversely affected a substantial right. *See State v. Dotson*, 450 S.W.3d 1, 52 (Tenn. 2014). As such, we conclude from our preliminary review that the nature of this issue does not weigh in favor of waiving the untimely notice of appeal.

### c.     Body Camera Video

The Defendant next argues that his due process rights were violated because the trial court did not enforce the alleged stipulation regarding the use of body camera video. Conducting a preliminary review of this discretionary issue for plain error, we conclude that it does not weigh in favor of waiving the requirement of a timely filed notice of appeal.

As background, the parties agreed that selected excerpts from multiple body-camera videos, compiled as collective Exhibit 36, would be admissible during the trial. Later, when the Defendant attempted to use excerpts from Exhibit 36 to challenge Ms. Scott's testimony, the State announced that it wanted to introduce other parts of the longer video under the rule of completeness. *See* Tenn. R. Evid. 106. The State argued that its earlier agreement did not permit the Defendant to use video clips out of context for impeachment

7

purposes.  The trial court agreed, informing the Defendant that while he could use the clips to question Ms. Scott's testimony, doing so would permit the State to play other sections of the video.  Ultimately, the Defendant chose not to use the video.

We note first that the Defendant's brief lacks "any appropriate references to the record." Tenn. R. App. P. 27(a)(7).  This omission makes it impossible to determine which video excerpts were in question or how the rule of completeness would apply.  Furthermore, the Defendant made no offer of proof at trial, leaving unclear what testimony he intended to impeach with the excerpts.  Tenn. R. Evid. 103(a)(2).  The Defendant has likely waived this issue because of these deficiencies, and the nature of the issue does not support waiving the timely filing requirement.  *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b); Tenn. R. Evid. 103(a)(2).

Moreover, a trial court's decision to admit additional evidence under Rule 106 is a discretionary decision.  *State v. Vaughan*, 144 S.W.3d 391, 407 (Tenn. Crim. App. 2003).  The trial court did not exclude any evidence that was the subject of the party's stipulation.  It merely recognized that other evidentiary rules, including Tennessee Rule of Evidence 106, may also have application when otherwise admissible evidence is placed before the jury.  In so doing, it identified the correct legal standards that applied to the issue, and it weighed the appropriate factors in the context of the relevant facts.  Its decision that Rule 106 would have allowed the jury to consider other evidence was a potentially proportional remedy and within a range of acceptable alternatives.  *State v. Vance*, 596 S.W.3d 229, 250 (Tenn. 2020).

As before, the Defendant's disagreement with the trial court's weighing of the relevant considerations does not show an abuse of discretion, and it falls short of satisfying the plain error factors.  *Dotson*, 450 S.W.3d at 52.  As such, we conclude from our preliminary review that the nature of this issue does not weigh in favor of waiving the untimely notice of appeal.

### d.     Sentencing

Finally, the Defendant argues that the trial court incorrectly applied multiple enhancement factors and failed to consider applicable mitigating factors in sentencing.  On a preliminary review, we conclude that this discretionary issue does not weigh in favor of waiving the requirement of a timely filed notice of appeal.

Importantly, we review the trial court's sentencing decision for an abuse of discretion, "granting a presumption of reasonableness to within-range sentencing decisions

8

that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). As such, this court is "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out" in the Sentencing Act. *State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008); Tenn. Code Ann. §§ 40-35-101 and -102.

The Defendant's sentence of twenty-three years is within the applicable sentencing range for second degree murder, a Class A felony offense. *See* Tenn. Code Ann. §§ 39-13-210(c)(1); 40-35-112(a)(1). The trial court also expressly considered the purposes and principles of sentencing, possible enhancement and mitigating factors, and the common-law factors and made a reasoned choice after considering the relevant facts on the record. In other words, the trial court's decision to impose twenty-three years of incarceration was neither illogical nor unreasonable. Even if reasonable minds could disagree with the propriety of the decision—and we have no such disagreement—the Defendant has not shown that the trial court acted outside its discretion to sentence the Defendant to a within-range sentence.

Although the Defendant takes issue with the trial court's consideration of the applicable enhancement and mitigating factors, these factors are advisory only. *See Bise*, 380 S.W.3d at 699 n.33, 706. In other words, "a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id.* at 706; *State v. Watkins*, 648 S.W.3d 235, 274 (Tenn. Crim. App. 2021). Because our preliminary review reveals no such departure here, we conclude that the nature of the Defendant's sentencing issues does not weigh in favor of waiving the requirement of a timely filed notice of appeal.

Respectfully, the Defendant raises no substantial issue on appeal. As such, we conclude that the first *Rockwell* factor—the nature of the issues raised—weighs against waiving the untimely notice of appeal.

### 2. Length and Reasons for the Delay

The second factor identified in *Rockwell* considers the length of the delay in filing a notice of appeal and the reasons for the delay. *Rockwell*, 280 S.W.3d at 214. In this case, the notice of appeal was filed sixty-two days after the deadline set by Tennessee Rule of Appellate Procedure 4(a). In similar procedural circumstances, we have dismissed appeals with less delay. *E.g.*, *State v. Presley*, No. M2011-00339-CCA-R3-CD, 2012 WL 4358196, at *10 (Tenn. Crim. App. Sept. 24, 2012) (60 days), *no perm. app. filed*; *State v. Rogers*, No. W2015-00988-CCA-R3-CD, 2016 WL 1045352, at *2 (Tenn. Crim. App. Mar. 15,

2016) (40 days), *no perm. app. filed*; *State v. Turbyville*, No. E2002-00629-CCA-R3-CD, 2003 WL 21983022, at *1 (Tenn. Crim. App. Aug. 21, 2003) (38 days), *no perm. app. filed*.

While this significant delay was caused by the untimely motion for a new trial, the reasons for that late filing are unclear. For example, the Defendant does not assert that circumstances beyond his control prevented his timely filing of a motion for a new trial. *See Richardson v. State*, No. E2018-01352-CCA-R3-ECN, 2019 WL 2060961, at *1 (Tenn. Crim. App. May 9, 2019), *no perm. app. filed*. He also does not claim that he was unable to file a "skeletal" motion that could have been amended later. *See Lowe-Kelley*, 380 S.W.3d at 34 (recognizing "the possibility that the circumstances of a case may require a 'skeletal motion.'"). From our own review of the entire record, we see nothing that would have prevented the Defendant from filing a placeholder motion for a new trial.

However, even if the delay were attributable to a misunderstanding of law, this fact would not help. *Rockwell*, 280 S.W.3d at 214. Indeed, in this very procedural context, we have "recognized that a misunderstanding of the law as a reason for delay weighs against a finding of waiver." *Manning*, 2023 WL 7439203, at *5 (citation and internal quotation marks omitted). As such, the absence of an excusable reason for the delay weighs strongly against a waiver in this case. *E.g.*, *State v. McNeal*, No. W2015-00316-CCA-R3-CD, 2016 WL 1223492, at *3 (Tenn. Crim. App. Mar. 29, 2016) (declining to waive notice of appeal filed three days late when the defendant "offered no reason for his failure to adhere to Rule 4(a)."), *no perm. app. filed*.

While the length and reasons for the delay are not dispositive of whether a late-filed notice should be excused, they are important considerations. In this case, we conclude that the substantial delay here, as well as the absence of a clear or excusable reason for the delay, weigh against waiving the untimely notice of appeal.

### 3. Failure to Request a Waiver

Our decision in *Rockwell* also looks to "other relevant factors." *Rockwell*, 280 S.W.3d at 214. Among these factors are whether the defendant acknowledges the late filing and either affirmatively requests a waiver of the timely filing requirement or responds to the State's brief raising the untimely filing as an issue. *Id.*; *Manning*, 2023 WL 7439203, at *6. After all, the parties generally "know what is best for them and are responsible for advancing the facts and argument entitling them to relief." *State v. Bristol*, 654 S.W.3d 917, 923-24 (Tenn. 2022) (internal quotation marks and citation omitted). Thus, where a party does not request that particular relief be granted, we will be reluctant to intervene otherwise. *See* Tenn. R. App. P. 13(b).

During the hearing on his motion for a new trial, the Defendant acknowledged that his motion was untimely. However, he has not acknowledged that his subsequent notice of appeal was also untimely and has instead represented that "a timely notice of appeal was filed." *Cf. Rockwell*, 280 S.W.3d at 214. He has not asked that we waive the timely filing requirement or responded to the State's argument that his appeal should be dismissed as untimely. *See, e.g.*, *Manning*, 2023 WL 7439203, at *6 ("[T]he absence of any request by the Defendant for a waiver even after he was placed on notice of the issue weighs against waiving the requirement of a timely filed notice of appeal." (citing cases)); *McNeal*, 2016 WL 1223492, at *3 (declining to waive untimely notice of appeal, in part, when the defendant made inaccurate assertions of a timely filing); *Tucker v. State*, No. W2015-00241-CCA-R3-PC, 2015 WL 5918975, at *2 (Tenn. Crim. App. Oct. 9, 2015) (declining to waive untimely notice of appeal, in part, when "petitioner has failed even to acknowledge that his notice of appeal was untimely."), *no perm. app. filed*.

The "Defendant's failure to request a waiver and subsequent silence on the issue weigh heavily against our excusing his untimely notice of appeal." *See, e.g.*, *Rogers*, 2016 WL 1045352, at *2 (declining waiver when the "Defendant remained silent even after the State raised this issue in its brief."); *but see State v. Woodruff*, No. W2023-01446-CCA-R3-CD, 2024 WL 2874583, at *2 (Tenn. Crim. App. June 7, 2024) (granting a waiver, in part, when the defendant recognized the untimely notice and requested a waiver, stating that "this is not a case in which the Defendant has disregarded the issue, failed to request a waiver, or ignored arguments advanced by the State."), *no perm. app. filed*. As such, the absence of any request by the Defendant for a waiver, particularly after he was placed on notice of the issue, weighs against waiving the untimely notice of appeal.

## CONCLUSION

In summary, we hold that the "interest of justice" does not weigh in favor of waiving the requirement of a timely filed notice of appeal. As this court observed in *Rockwell*, "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Rockwell*, 280 S.W.3d at 214. Factors important to our decision are the nature of the issues raised, the significantly late filing and the lack of clear reasons for it, and the absence of any acknowledgment of the late filing or a request for a waiver. On balance, we conclude that the interest of justice does not weigh in favor of

11

waiving the requirement of a timely filed notice of appeal.  We respectfully dismiss this appeal.


_____
TOM GREENHOLTZ, JUDGE