IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 25, 2023 Session

## STATE OF TENNESSEE v. TONY MANNING

**Appeal from the Criminal Court for Knox County**
**No. 111041   G. Scott Green, Judge**

_____

### No. E2022-01715-CCA-R3-CD

_____

A Knox County jury convicted the Defendant, Tony Manning, of rape, attempted rape, and aggravated assault.  The trial court sentenced the Defendant to serve an effective sentence of eight years in the Tennessee Department of Correction.  On appeal, the Defendant argues that the evidence is insufficient to support his convictions.  He also contends that the trial court erred in finding that the State's expert was qualified and by allowing the expert to testify outside of her area of expertise.  In response, the State argues, in part, that the Defendant waived any issue concerning the expert by failing to object at trial and by filing an untimely motion for a new trial.  On our review, we conclude that the Defendant's notice of appeal was untimely filed.  We also conclude that the "interest of justice" does not require us to waive the timely filing of the notice of appeal, and we respectfully dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Appeal Dismissed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Daniel L. Bell (on appeal) and Julia Trant (at trial), Knoxville, Tennessee, for the appellant, Tony Manning.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Hector I. Sanchez and Joanie S. Stewart, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

In June 2016, A.R. was living with her sister in Cleveland, Tennessee.[1] During this time, she met the Defendant on a dating website. The two began messaging and calling, and the Defendant ultimately traveled to Cleveland to meet A.R. in person.

The following month, A.R. moved to Knoxville to live with the Defendant in his one-bedroom apartment. The relationship quickly turned intimate. However, the Defendant also tried to control A.R., and he would get upset when A.R. talked with other people.

About two weeks after A.R. moved to Knoxville, she and the Defendant had an argument through text messages. When the Defendant came home on July 25, he found A.R. in the bedroom. He wrapped his hands around her neck and started to strangle her. While the Defendant was choking her, A.R. could not breathe freely, could not feel anything, and thought she would die. The Defendant later apologized and told A.R. he loved her. A.R. did not call the police because she felt the Defendant would not attack her again.

A few days later on July 28, 2016, the Defendant entered their bedroom and ordered A.R. to take off her pajamas. When A.R. said she did not want to, the Defendant then grabbed her by the hip, pulled her down onto him, and tried to have intercourse with her. The Defendant also attempted anal sex, and his attempts hurt her. Finally, he forced her to perform oral sex. A.R. repeatedly told him "No" and "Stop," but the Defendant pretended not to hear her.

When the Defendant went to work the next day, A.R. called the police and reported that the Defendant had choked and sexually assaulted her. Officer Jason Boston with the Knoxville Police Department met with A.R., and she told him that the Defendant had raped her the previous night.

The officer took A.R. to the Sexual Assault Center in Knox County. At the Sexual Assault Center, A.R. was examined by Sally Helton, a certified sexual assault nurse

---

[1] It is the policy of this Court to identify victims of sexual offenses by their initials.

examiner. In her examination of A.R., Ms. Helton documented injuries to A.R. that were consistent with strangulation and A.R.'s description of the rape.

On July 25, 2017, a Knox County grand jury charged the Defendant with aggravated assault by strangulation and three counts of rape by force. *See* Tenn. Code Ann. §§ 39-13-102(a)(1)(A)(iv); 39-13-503(a)(1). Following a trial in August 2021, a jury found the Defendant guilty of aggravated assault and rape by force involving penetration of the victim's vagina. The jury also found the Defendant guilty of attempted rape with respect to each of the remaining two charges. On July 18, 2022, the trial court sentenced the Defendant to serve an effective sentence of eight years in the Tennessee Department of Correction, and the court filed the judgments of conviction four days later.

On August 12, 2022, the parties and the trial court entered an "Agreed Order for Extension" that purported to extend the deadline for the Defendant to file a motion for a new trial. On August 30, 2022, the final day of the extension, the Defendant filed his motion. The trial court denied this motion after a hearing on November 9, 2022, and the Defendant filed a notice of appeal thirty days later.

## ANALYSIS

As an initial issue, we must address the timeliness of the Defendant's appeal. "It is no secret that under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed 'within 30 days after the date of entry of the judgment appealed from.'" *State v. James*, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022), *no perm. app. filed*. However, this time may be extended if the defendant files a timely, written motion for a new trial. Tenn. R. App. P. 4(c). In that circumstance, "the time for appeal for all parties shall run from entry of the order denying a new trial." *Id.*; *State v. Byington*, 284 S.W.3d 220, 225 (Tenn. 2009).

### A.    CONSEQUENCE OF AN UNTIMELY MOTION FOR A NEW TRIAL

Importantly, a party may obtain this additional time to file a notice of appeal *only if* the party first timely files the motion for a new trial. The law has long recognized that "[a]n untimely filed motion for new trial is a nullity and will not toll the thirty-day time period for filing a notice of appeal." *State v. Bumpas*, No. M2017-00746-CCA-R3-CD, 2018 WL 817289, at *5 (Tenn. Crim. App. Feb. 12, 2018), *perm. app. denied* (Tenn. Apr. 16, 2020); *State v. Rogers*, No. W2015-00988-CCA-R3-CD, 2016 WL 1045352, at *2 (Tenn. Crim. App. Mar. 15, 2016) ("An untimely motion for new trial will not toll this thirty-day period."), *no perm. app. filed*. Thus, it is a legal truism that "an untimely motion for new trial also will result in an untimely notice of appeal." *State v. Rutherford*, No.

E2019-00063-CCA-R3-CD, 2020 WL 587078, at *8 (Tenn. Crim. App. Feb. 5, 2020), *no perm. app. filed*; *State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987).

In this case, the judgments were entered on July 22, 2022, when they were filed with the court clerk. As such, the Defendant had thirty days, or until August 21, 2022, to file a notice of appeal or a motion for a new trial. *See* Tenn. R. Crim. P. 33(b); *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007) (holding that the filing of the uniform judgment document constitutes the entry of the "order of sentence" for purposes of Rule 33), *abrogated on other grounds as stated in State v. Beaty*, No. M2014-00130-CCA-R3-CD, 2016 WL 3752968, at *20 (Tenn. Crim. App. July 8, 2016).

However, the Defendant's motion for a new trial was not filed until August 30, 2022, or nine days after the deadline. The Defendant attempts to justify the late filing by relying upon an agreed order that he proposed to the trial court to extend the deadline for a motion for a new trial. However, it is well settled that "the time for the filing of a motion for a new trial cannot be extended." *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). Indeed, Tennessee Rule of Criminal Procedure 45(b)(3) expressly provides that "[t]he court may not extend the time" for filing a motion for a new trial under Rule 33.

Two further observations are important. First, whether the State agreed to the Defendant's proposed extension order is immaterial. We have long recognized that "[t]he District Attorney General likewise is not empowered to extend this time requirement by express waiver or by failure to object when the trial judge attempts to do so." *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). Second, although the trial court in this case ultimately considered the untimely motion on its merits, its consideration did not affect the validity of the motion. *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). As we have long held,

> A trial judge does not have jurisdiction to hear and determine the merits of a motion for a new trial which has not been timely filed. The trial judge has no alternative but to dismiss the motion. The fact that a trial judge erroneously considers and rules upon a motion that has not been timely filed does not validate the motion[.]

*Dodson*, 780 S.W.2d at 780 (footnotes omitted); *State v. Lowe-Kelley*, 380 S.W.3d 30, 34 (Tenn. 2012) ("A trial court cannot rule on the merits of a late-filed motion for new trial because the judgment has become final and the trial court no longer has jurisdiction over the case.").

Respectfully, the long-settled law could not be more clear that the Defendant's motion for a new trial was a nullity, and neither the State's agreement, the Defendant's proposed agreed order, nor the trial court's subsequent consideration of the motion could have given life to it.

## B.  POSSIBLE WAIVER OF THE UNTIMELY NOTICE OF APPEAL

In this case, the Defendant filed his notice of appeal exactly thirty days after the trial court denied the motion for a new trial. Nevertheless, because the Defendant's motion for a new trial was untimely, it could not toll the timeline for the filing of his notice of appeal. Thus, his notice of appeal was also untimely by about 110 days. *See State v. Glasgow*, No. E2020-00196-CCA-R3-CD, 2021 WL 6133870, at *8 (Tenn. Crim. App. Dec. 29, 2021) (finding notice of appeal is untimely when the motion for a new trial was filed one day late), *perm. app. denied* (Tenn. Apr. 20, 2022); *State v. Cooke*, No. M2019-01164-CCA-R3-CD, 2020 WL 3606451, at *2 (Tenn. Crim. App. July 2, 2020) ("Because his motion for new trial is untimely, his notice of appeal is also untimely."), *no perm. app. filed.*

An untimely notice of appeal can, and often does, result in a dismissal of the appeal. That said, the Rules of Appellate Procedure provide that the requirement of a timely-filed notice of appeal "may be waived in the interest of justice." Tenn. R. App. P. 4(a). Waiver of an untimely notice of appeal is never required, and "[i]f this Court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007); *Matthews v. State*, No. W2021-00898-CCA-R3-PC, 2022 WL 1284288, at *2 (Tenn. Crim. App. Apr. 29, 2022), *no perm. app. filed*.

Nevertheless, when considering whether a waiver on an untimely notice of appeal is appropriate, "this [C]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Rockwell*, 280 S.W.3d at 214. "Other relevant factors may include the merits of the appeal." *State v. Murray*, No. M2020-00168-CCA-R3-CD, 2021 WL 2156932, at *3 (Tenn. Crim. App. May 27, 2021), *no perm. app. filed*. The appealing party "bears the responsibility to properly perfect his [or her] appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a).

We consider these factors in turn.

### 1.    Nature of the Issues Raised

The first factor identified in *Rockwell* looks to the nature of the issues raised in the appeal to determine whether a waiver is in the interest of justice. *Rockwell*, 280 S.W.3d at 214; *Dodson*, 780 S.W.2d at 781 ("Since the appeal of the appellant has merit, it is in the interest of justice that the notice of appeal requirement be waived."). In this case, the Defendant raises two issues: whether the evidence is legally sufficient to support his convictions and whether the trial court erred in admitting testimony from the State's expert witness. After our careful review, we conclude that each issue is substantially without merit and does not weigh in favor of waiving the untimely notice of appeal.

In reviewing the legal sufficiency of the evidence, the evidence "must be examined in light of all the evidence presented to the jury, including that which is improperly admitted." *State v. Long*, 45 S.W.3d 611, 619 (Tenn. Crim. App. 2000). As such, the admissibility of the expert's testimony is irrelevant to whether the evidence is sufficient to support the Defendant's convictions. Moreover, the uncorroborated testimony of the victim is alone sufficient to sustain a verdict if the testimony establishes the essential elements of each conviction offense, as it does here. *See State v. Collier*, 411 S.W.3d 886, 900 (Tenn. 2013). In other words, the victim's testimony alone sustains each of the Defendant's convictions. *State v. Shackleford*, 673 S.W.3d 243, 250 (Tenn. 2023).

The Defendant also challenges the trial court's decision to admit testimony from the State's expert at trial. However, the Defendant waived any objection to the expert's testimony by affirmatively telling the trial court that he had no objections to her qualifications and by failing to object to her testimony or expert opinions. *State v. Barlow*, No. W2008-01128-CCA-R3-CD, 2010 WL 1687772, at *18 (Tenn. Crim. App. Apr. 26, 2010) (finding that, because the defendant failed to object to expert's qualification and opinion testimony, "he is not entitled to plenary review. Instead, we can only review this issue for plain error."), *perm. app. denied* (Tenn. Sept. 24, 2010). In addition, despite the State arguing that the Defendant waived this issue by his failure to object, the Defendant has not requested plain error review. "Where a defendant fails to respond to a waiver argument, only particularly compelling or egregious circumstances could typically justify our sua sponte consideration of plain error relief." *State v. Thompson*, No. W2022-01535-CCA-R3-CD, 2023 WL 4552193, at *5 (Tenn. Crim. App. July 14, 2023), *no perm. app. filed*. No such circumstances exist here.

Respectfully, the Defendant raises no substantial issue on appeal. The nature of the offenses weighs against waiving the requirement of a timely-filed notice of appeal.

## 2. Length and Reasons for the Delay

The second factor identified in *Rockwell* considers the length of the delay in filing a notice of appeal and the reasons for the delay. *Rockwell*, 280 S.W.3d at 214. In this case, the notice of appeal was filed about 110 days after the deadline set by Tennessee Rule of Appellate Procedure 4(a). While it appears that the delay was caused by the untimely motion for a new trial, the reasons for that late filing are unclear.

For example, the Defendant does not assert that circumstances beyond his control prevented his timely filing of a motion for a new trial. *See Richardson v. State*, No. E2018-01352-CCA-R3-ECN, 2019 WL 2060961, at *1 (Tenn. Crim. App. May 9, 2019) (waiving notice filed eighteen days late when the appellant did not receive "timely notification" of the appealable order), *no perm. app. filed*. He also does not claim that he was unable to file a "skeletal" motion that could have been amended later. *See Lowe-Kelley*, 380 S.W.3d at 34 (recognizing "the possibility that the circumstances of a case may require a 'skeletal motion.'"). From our own review of the entire record, we see nothing that would have prevented the Defendant from filing a placeholder motion for a new trial, particularly given his efforts to seek an agreed order for an extension of time.

However, even if the delay here were somehow attributable to a misunderstanding of clear and long-settled law, this fact would not help. This Court "previously has recognized that a misunderstanding of the law as a reason for delay weighs against a finding of waiver." *State v. Bullock*, No. E2021-00661-CCA-R3-CD, 2022 WL 3012460, at *3 (Tenn. Crim. App. July 29, 2022), *no perm. app. filed*; *Rockwell*, 280 S.W.3d at 214 ("[T]he reason for the delay in seeking relief, to wit, a presumed misunderstanding of the law, weighs against a waiver."). As such, the absence of an apparent reason for the delay weighs strongly against a waiver in this case. *E.g.*, *State v. McNeal*, No. W2015-00316-CCA-R3-CD, 2016 WL 1223492, at *3 (Tenn. Crim. App. Mar. 29, 2016) (declining to waive notice of appeal filed three days late when the defendant "offered no reason for his failure to adhere to Rule 4(a)."), *no perm. app. filed*.

In similar circumstances, we have dismissed appeals with a delay of less than 110 days. *E.g.*, *Rogers*, 2016 WL 1045352, at *2 (finding delay of forty days to weigh against waiver in the context of an untimely motion for a new trial); *State v. Presley*, No. M2011-00339-CCA-R3-CD, 2012 WL 4358196, at *10 (Tenn. Crim. App. Sept. 24, 2012) (finding delay of less than sixty days to weigh against waiver in the context of an untimely motion for a new trial), *no perm. app. filed*; *State v. Turbyville*, No. E2002-00629-CCA-R3-CD, 2003 WL 21983022, at *1 (Tenn. Crim. App. Aug. 21, 2003) (declining to waive notice of appeal filed 38 days late following late-filed motion for a new trial), *no perm. app. filed*. But we have also waived the requirement of a timely notice of appeal in cases with longer delays, particularly when the case had a clear reason for the delay or otherwise involved a

*pro se* litigant, significant issues, or a substantial sentence. *E.g.*, *State v. Williams*, No. M2007-01385-CCA-R3-CD, 2009 WL 564231, at *10 (Tenn. Crim. App. Mar. 5, 2009) (waiving notice of appeal filed 406 days following late-filed motion for a new trial due to "the gravity of the crime [first degree murder] as well as the magnitude of the punishment [life sentence plus six years]"), *perm. app. denied* (Tenn. Aug. 17, 2009).

We acknowledge that these factors are not alone dispositive of whether a late-filed notice should be excused, and they must be carefully balanced with the other equities in the case. Nevertheless, we conclude that the significant delay here, as well as the absence of a clear or excusable reason for the delay, weigh against waiving the requirement of a timely-filed notice of appeal.

### 3.    Failure to Request Waiver

Our decision in *Rockwell* also looks to "other relevant factors." *Rockwell*, 280 S.W.3d at 214. Among these factors are whether the defendant acknowledges the late filing and either affirmatively requests a waiver of the timely filing requirement or responds to the State's brief raising the untimely filing as an issue. *Id.* After all, the parties generally "know what is best for them and are responsible for advancing the facts and argument entitling them to relief." *State v. Bristol*, 654 S.W.3d 917, 923-24 (Tenn. 2022) (internal quotation marks and citation omitted). Thus, where a party does not request that particular relief be granted, we will be reluctant to intervene otherwise. *See* Tenn. R. App. P. 13(b).

In this case, the Defendant did not file a motion "seeking permission to waive [the] timely filing of a notice of appeal." *Rockwell*, 280 S.W.3d at 214. He did not seek a waiver or explain the circumstances of his late filing in his principal brief, and he did not advance any such arguments in a reply brief even after the State *specifically argued* that his notice of appeal was untimely. *E.g.*, *Wade v. State*, No. W2021-01419-CCA-R3-PC, 2022 WL 4115374, at *1 (Tenn. Crim. App. Sept. 9, 2022), *perm. app. denied* (Tenn. Jan. 12, 2023); *State v. Sexton*, No. E2009-00292-CCA-R3-CD, 2010 WL 3928654, at *2 (Tenn. Crim. App. Oct. 6, 2010), *no perm. app. filed*. On the contrary, the Defendant twice represented in his principal brief that he "filed a timely Notice of Appeal," and this fact weighs against a waiver. *McNeal*, 2016 WL 1223492, at *3 (Tenn. Crim. App. Mar. 29, 2016) (declining to waive untimely notice of appeal, in part, when the defendant made inaccurate assertions of a timely filing); *Tucker v. State*, No. W2015-00241-CCA-R3-PC, 2015 WL 5918975, at *2 (Tenn. Crim. App. Oct. 9, 2015) (declining to waive untimely notice of appeal, in part, when "petitioner has failed to even acknowledge that his notice of appeal was untimely.").

The Defendant did not acknowledge the untimely motion for a new trial until oral argument. Even then, however, he did not request that we waive the late-filed notice of

appeal. The "Defendant's failure to request a waiver and subsequent silence on the issue weigh heavily against our excusing his untimely notice of appeal." *See, e.g.*, *Rogers*, 2016 WL 1045352, at *2 (finding delay of forty days to weigh against waiver in the context of an untimely motion for a new trial when the "Defendant remained silent even after the State raised this issue in its brief."); *Cooke*, 2020 WL 3606451, at *2 (declining to waive untimely notice of appeal, in part, when the defendant failed to respond to the State's argument that motion for new trial and notice of appeal were untimely). As such, the absence of any request by the Defendant for a waiver even after he was placed on notice of the issue weighs against waiving the requirement of a timely-filed notice of appeal.

## CONCLUSION

In summary, we hold that the "interest of justice" does not weigh in favor of waiving the requirement of a timely-filed notice of appeal. Important to our decision are the nature of the issues raised, the significantly late filing and the lack of clear reasons for it, and the absence of any request for a waiver or any response to the State's waiver arguments. We respectfully dismiss this appeal.

_____
TOM GREENHOLTZ, JUDGE